No. 35,571

VELMA MAE KLEITZ LEONARD, *Appellee*, v. CARL L. KLEITZ, *Appellant*.

(127 P. 2d 421)

Opinion filed July 11, 1942.

*Arthur T. Noble, Jr.,* of Kansas City, argued the cause, and *Tyree G. Newbill* and *W. Arnold Brannock,* both of Kansas City, Mo., were on the briefs for the appellant.

*Lee E. Weeks,* of Kansas City, argued the cause, *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder, Leonard O. Thomas,* all of Kansas City, and *Fred A. Brendehoft,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover on a judgment for child support rendered in a divorce action in Missouri. The plaintiff filed a motion for judgment on the pleadings, for the total amount of the weekly installments unpaid during the five-year period immediately prior to the filing of the action. From an order sustaining this motion the defendant appeals. The question is whether recovery was barred by the statute of limitations.

Brief statement of the facts will suffice. Velma Mae Kleitz was granted a divorce from Carl L. Kleitz in Jackson county, Missouri, on September 15, 1933, both parties then being residents of that county. The plaintiff was awarded the custody of a minor child, then five years of age, and the defendant ordered to pay ten dollars a week for the support of the child until further order of the

court. The defendant sometime thereafter became a resident of Wyandotte county, Kansas, and on January 4, 1941, the plaintiff, who had remarried, brought action in that county to collect the unpaid installments for child support. In her amended petition she pleaded the Missouri judgment, the provisions of the Missouri divorce statutes relative to custody and maintenance of children, and certain decisions of the supreme court of Missouri relative to the vested right of a wife in accrued installments of alimony, even though she has remarried before the installments had accrued. Upon motion of the defendant, all installments which had accrued prior to five years before the filing of the petition were stricken out. The defendant then answered alleging that no installment payments had been made for more than five years prior to the filing of the petition, pleading that under Missouri law as interpreted by the supereme court of Missouri the statute of limitations began to run on all installments on September 15, 1933, the day the judgment was rendered, and that recovery was therefore barred, as to all installments, under the Kansas five-year statute of limitations (G. S. 1935, 60-306). Plaintiff then filed a motion for judgment upon the pleadings, which motion was sustained and judgment rendered for the plaintiff in the sum of $2,600, representing the total amount of the installments accrued and unpaid during the five-year period prior to the filing of the petition. This appeal followed.

The issue here narrows to the one question as to when our statute of limitations started to run on the unpaid installments falling due within the five-year period preceding the filing of the petition. No installments due and unpaid for more than five years are involved, and under the pleadings there is no attempt to collect them. There is no question that under our decisions, as applied to judgments for child support in this state, the statute of limitations begins to run on installments only from the date when they become due and are unpaid. (*McGill v. McGill*, 101 Kan. 324, 166 Pac. 501; *Sharp v. Sharp*, 154 Kan. 175, 117 P. 2d 561; *McKee v. McKee*, 154 Kan. 340, 118 P. 2d 544.) Under our statute, the period of limitation starts to run when "the cause of action shall have accrued" and obviously no cause of action arises to collect an installment until such installment is due. But appellant contends that under Missouri law and decisions the statute starts to run on installment payments on the day the judgment is entered and not at the later dates when the installments become due, and that the Missouri law rather than the

Kansas law should here be applied in determining when the statute started to run. But after applying the Missouri law and thereby holding that the statute started to run on the installments in question as of the date of the original judgment, appellant then desires to have the Kansas law rather than the Missouri law applied in determining the *period* of limitation. In other words, he desires to have the Missouri law applied where it would help him and disregarded where it would hurt him. He does not deny that even if it be held that the statute started to run on the date the judgment was entered, as to all installments falling due in the future, recovery in this case would still not be barred under Missouri law. He admits that action may be brought in Missouri to enforce the Missouri judgment at any time within *ten* years after the judgment was entered. The instant action was brought about seven years after the judgment. But appellant urges that we should now forget the Missouri law and apply the Kansas law which bars recovery upon foreign judgments after *five* years (G. S. 1935, 60-306 [6]). He desires to "eat his cake and have it too."

The general rule is that in respect to the limitation of actions the law of the forum governs, and if any exceptions to this rule are to be recognized, such exceptions must be found in the law of the forum itself. (37 C. J. 729; 34 Am. Jur. p. 51; *Nickel v. Vogel,* 76 Kan. 625, 635, 92 Pac. 1105; *Good v. Kleinhammer,* 122 Kan. 105, 108, 251 Pac. 405; *Newell v. Harrison Engineering & Const. Corp.,* 149 Kan. 838, 89 P. 2d 869.) Our statute contains one modification of the rule, in a provision that if the cause of action arose in another state between nonresidents of this state and recovery is barred under the laws of that state, no action thereon can be maintained in this state (G. S. 1935, 60-310; *Nickel v. Vogel,* supra). In other words, in such a case the Kansas period of limitation will be applied unless the law of the foreign jurisdiction provides a lesser period, in which event such lesser period will be applied to bar recovery. To put it still another way, where recovery is barred in the other state, no action can be maintained in this state even though recovery would not be barred here if the cause of action had arisen in this state.

As already stated, recovery in this case is not barred under Missouri law. Nor is it barred under our law because the statute did not start to run on any installments until they were in default and had not run on any installments falling due within five years prior to commencement of the action.

The judgment is affirmed.