(594 P.2d 248)

No. 49,604

ALEXANDER CONSTRUCTION COMPANY, *Appellant,* v. H. SANFORD WEAVER, *Appellee.*

Opinion filed May 4, 1979.

*Robert W. Meglemre* of Bressell & Meglemre, of Kansas City, Missouri, and *Michael Schwartz,* of Barnett & Lerner, Chartered, of Kansas City, for the appellant.

*J. O. Biggs,* of Wagner, Leek & Mullins, and *M. C. Slough,* of Shawnee Mission, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by Alexander Construction Company, hereinafter referred to as plaintiff, from an order of the court rejecting its request to examine H. Sanford Weaver, hereinafter referred to as defendant, on a foreign judgment filed in Kansas under the provisions of K.S.A. 60-3001 *et seq.*, and releasing a judgment lien on the records of Johnson County.

The facts are not in dispute and are as follows. Plaintiff obtained a money judgment against the defendant in the District Court of El Paso County, Colorado, on January 26, 1968. Such judgment is valid and enforceable in Colorado for a period of twenty years. On April 25, 1977, pursuant to provisions of the Kansas Uniform Enforcement of Foreign Judgments Act at K.S.A. 60-3001 *et seq.*, plaintiff filed an affidavit for registration of the Colorado judgment in the District Court of Johnson County. This

was the plaintiff's first effort to enforce the Colorado judgment in Kansas. On August 24, 1977, the plaintiff filed an application for examination of the judgment debtor. As a result, the defendant filed a motion for an order rejecting examination and for release of the judgment lien on the ground that the filing of the foreign judgment was barred under the Kansas statute of limitations.

Plaintiff asserted that the judgment entered in Colorado on January 26, 1968, could be filed in Kansas and was entitled to full faith and credit as a foreign judgment for a period of twenty years from the date of its entry in Colorado. Defendant argued, however, that the Colorado judgment, even though valid in Colorado for twenty years, was of no effect in Kansas since it was entered more than seven years prior to April 25, 1977, the filing date in Kansas, during which time the plaintiff had made no effort to enforce said judgment in Kansas. Defendant relied on the argument that foreign judgments are to be governed by the laws of the forum state (Kansas), and therefore under the provisions of K.S.A. 60-2403 and 60-2404, this was a dormant judgment that could not be enforced in Kansas.

The question raised in this appeal is one of first impression regarding the provisions of the Uniform Enforcement of Foreign Judgments Act (K.S.A. 60-3001 *et seq.,* which became effective July 1, 1970), insofar as they relate to the statute of limitations for the filing of such foreign judgments for enforcement in Kansas. K.S.A. 60-3001 *et seq.,* sets forth the general procedures for the filing and enforcement of foreign judgments in Kansas, and K.S.A. 60-3002 specifically provides for the filing and treatment of foreign judgments.

60-3002. "A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. Such copy must be filed by an attorney licensed to practice law in the state of Kansas. The clerk of the district court shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings as a judgment of a district court of this state and may be enforced or satisfied in like manner."

It is conceded that the plaintiff has fully complied with the procedures for filing. The question on appeal is: Was this Colorado judgment subject to the defense that enforcement thereof was barred by the statute of limitations of Kansas?

It is plaintiff's contention that its Colorado judgment, obtained

January 26, 1968, which under Colorado law would be a valid enforceable judgment for a period of twenty years, is entitled to registration in Kansas as a foreign judgment under the provisions of K.S.A. 60-3001 *et seq.*, for a period of twenty years, and that the filing in Kansas on April 25, 1977, meets the requirements of the law. Defendant's contention is that enforcement of this Colorado judgment under the Uniform Enforcement of Foreign Judgments Act must be commenced and acted upon by enforcement proceedings within the period of limitations as provided by K.S.A. 60-2403 and 60-2404.

**60-2403.** "If execution, including any garnishment proceeding and any proceeding in aid of execution, shall not be sued out within five (5) years from the date of any judgment, including judgments in favor of the state or any municipality in the state, that has been or may hereafter be rendered, in any court of record in this state, or within five (5) years from the date of any order reviving such judgment, or if five (5) years have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. When a judgment shall become dormant as herein provided, and shall so remain for a period of two (2) years, it shall be the duty of the clerk of the court to release said judgment of record, and the clerk shall make an entry on the appearance and judgment dockets wherein the judgment appears of record, reciting, 'this judgment including all court costs and fees therewith is barred under provisions of K.S.A. 60-2403 and is hereby released of record.' "

**60-2404.** "A dormant judgment may be revived and have the same force and effect as if it had not become dormant if, within two (2) years of the date on which such judgment became dormant, the holder thereof files a motion for revivor and a request for the immediate issuance of an execution thereon if such motion is granted. Notice of the filing of the motion shall be given as for a summons under article 3 of this chapter, and on the hearing thereof the court shall enter an order of revivor unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith. A judgment may also be revived by the filing of a written stipulation of revivor signed by all of the parties affected thereby. For the purpose of this section and K.S.A. 60-2403, attachment or garnishment process shall have the same effect as the issuance of an execution."

It was on the basis of these contentions and arguments that the trial court found that by reason of the fact that the foreign judgment was filed in Kansas more than seven years from the date of its entry in Colorado, enforcement was barred in Kansas. We affirm the trial court, but for different reasons.

The Uniform Enforcement of Foreign Judgments Act was instituted to provide a more effective and efficient time-saving

procedure for the enforcement of judgments obtained in foreign jurisdictions. Our adoption of this Act does not extinguish the judgment creditor's right to bring or file an action to enforce his foreign judgment in this state. K.S.A. 60-3006. It is merely another method available to the judgment creditor. The statute of limitations applicable to enforcement of a foreign judgment in Kansas should be the same regardless of which of these methods of enforcement is chosen by the judgment creditor.

60-511. "The following actions shall be brought within five (5) years: . . . (5) An action for relief, other than the recovery of real property not provided for in this article."

60-516. "Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued."

The Kansas cases prior to the enactment of the Uniform Enforcement of Foreign Judgments Act adhere to the principle that the law of the forum shall apply to determine the statute of limitations for enforcement of foreign judgments. *Green v. Kensinger,* 199 Kan. 220, 223, 429 P.2d 95 (1967); *Leonard v. Kleitz,* 155 Kan. 626, Syl. ¶2, 127 P.2d 421 (1942). K.S.A. 60-511(5), like its predecessor G.S. 1949, 60-306 *Sixth,* provides a five-year limitations period for actions to enforce foreign judgments in Kansas today. K.S.A. 60-516 provides a potentially shorter time period for suits on a foreign cause of action. Foreign judgments, although valid in the state of rendition, are nevertheless subject to the limitations prescribed by K.S.A. 60-511(5) and 60-516.

Once the foreign judgment has been filed in accord with the Uniform Enforcement of Foreign Judgments Act now applicable in Kansas, that foreign judgment shall have the same force and effect for enforcement as a domestic judgment under K.S.A. 60-2403 and 60-2404. The same result would also be mandated where a suit was filed on a foreign judgment rather than merely registered under the Uniform Act.

Consequently, we hold that the trial court was correct in denying the examination of the judgment debtor and in directing that the judgment entered be stricken from the records of Johnson County in accordance with K.S.A. 60-2403. Here the judgment was not filed for approximately nine years after its rendition in

Colorado; that is, some four years after the applicable five-year statute of limitations in Kansas. "The judgment of a trial court will be upheld if it is correct, even though the trial court may have assigned an erroneous reason for its decision when the determinative facts are undisputed." *Mt. Carmel Medical Center v. Board of County Commissioners,* 1 Kan. App. 2d 374, Syl. ¶ 3, 566 P.2d 384 (1977); *Highland Lumber Co., Inc. v. Knudson,* 219 Kan. 366, 548 P.2d 719 (1976).

Judgment is affirmed.

PARKS, J., dissenting:

I respectfully dissent.

A foreign judgment is a judgment or order of a court of the United States or of any other court which is entitled to full faith and credit in this state. K.S.A. 60-3001. The controlling words to be interpreted in K.S.A. 60-3002 are:

"A [foreign] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings as a judgment of a district court of this state and may be enforced or satisfied in like manner."

The majority has modified the clear and unambiguous language of this act by holding that the foreign judgment in this case is not enforceable because it was not filed in this state within five years from the date of judgment. In my opinion, the cited statutes of limitations have no application until after the foreign judgment is "so filed" in this state.

I would reverse and remand the case to the district court for further proceedings.