(619 P.2d 1177)

No. 80-51382-A

KATHLEEN TANNER, *Appellant,* v. CONNIE HANCOCK, *Appellee.*

Opinion filed December 5, 1980.

*George S. Murray III* and *Charles S. Shafer, Jr.,* of Kansas City, Missouri, and *Mark R. Singer,* of Overland Park, for the appellant.

*Laurence M. Jarvis,* of Kansas City, for the appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

SWINEHART, J.: This is an appeal from a decision of the District Court of Johnson County sustaining the defendant's motion to cancel the plaintiff's registration of a Missouri judgment. The Missouri judgment resulted from the registration in Missouri of a judgment rendered in the District Court of Johnson County, Kansas.

Plaintiff raises two issues on appeal: (1) whether the trial court erred in refusing to allow the plaintiff to register in Kansas a Missouri judgment which had been registered there on the basis of a Kansas judgment still subject to proceedings in the District Court of Johnson County; (2) whether the trial court erroneously failed to require the defendant to furnish security prior to moving to dismiss and cancel plaintiff's registration of foreign judgment and writ of execution, in violation of K.S.A. 60-3004.

On December 12, 1973, a default judgment was entered in the District Court of Johnson County in the amount of $9,000 against the defendant Connie Hancock. The plaintiff in that action (case No. 55,746) was Donald F. Tanner. In the fall of 1978, Kathleen Tanner, plaintiff in the instant case, requested a general execution on the judgment as assignee of Donald Tanner. On December 26, 1978, the defendant Connie Hancock filed a motion for relief from the judgment pursuant to K.S.A. 60-260(*b*). At present, the motion is still pending in the District Court of Johnson County.

Thereafter on June 28, 1979, the plaintiff filed a registration of foreign judgment and writ of execution in the District Court of

Johnson County. By this action the plaintiff was attempting to register a foreign judgment entered on January 12, 1977, in the Circuit Court of Jackson County, Missouri, in the sum of $9,000 plus interest and costs. That Missouri judgment was entered as a result of a petition filed on June 29, 1976, by the plaintiff in the Circuit Court of Jackson County, Missouri, as assignee of Donald Tanner. The judgment that plaintiff registered in Missouri was the judgment rendered on December 12, 1973, in the District Court of Johnson County, Kansas, in favor of Donald Tanner.

On July 10, 1979, the defendant filed a "Motion to Dismiss Petition and Cancel Registration" asking the District Court of Johnson County to dismiss plaintiff's action to register the Missouri judgment on the ground that litigation was pending in the District Court of Johnson County in case No. 55,746 which was the basis of the Missouri judgment that plaintiff had sought to register in Kansas. On July 18, 1979, the plaintiff moved for an order requiring the defendant to furnish security in order to maintain her motion and to cancel registration of the foreign judgment. Alternatively, plaintiff sought an order overruling the defendant's motion to cancel registration. She cited K.S.A. 60-3004(*a*) and (*b*) as the statutory support for her motion. A hearing on the matter was held on July 27, 1979. A journal entry was filed on August 2, 1979, in which the trial court sustained the defendant's motion to dismiss and the order of registration of a foreign judgment was cancelled. On August 22, 1979, plaintiff filed a notice of appeal.

This appeal turns primarily upon one very basic question: Is the judgment which was entered in the Circuit Court of Jackson County, Missouri, on January 12, 1977, under the Missouri Uniform Enforcement of Foreign Judgments Act, Mo. Rev. Stat. § 511.760 (1978), a "foreign judgment" entitled to registration under the Kansas Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq.*? We find that it is not. Our answer to this question is crucial to determine whether the Missouri judgment, which was based upon the Kansas December 12, 1973, judgment, was transformed, after registration in the Jackson County Circuit Court, into a new and independent judgment that then on its own strength could be used to enforce, in Kansas, a judgment originally entered in this state and later registered in Kansas as a foreign judgment. This attempted use of the Uniform

Enforcement of Foreign Judgments Acts in Kansas and Missouri presents a novel case of first impression in this state. Neither the parties nor this court have discovered the same, or even a similar issue, in the decisional law of other jurisdictions.

The essence of the plaintiff's argument lies in the following statement from her brief: "The Missouri foreign judgment is a *new,* personal judgment *independent* of the original Kansas judgment in Case No. 55746." The next two reasons given in support of plaintiff's argument, that is, that the Missouri judgment is enforceable until it is set aside, vacated or stayed, and that a Missouri judgment based upon a Kansas judgment subsequently vacated and void would be deemed valid by the courts of Kansas, are necessary offshoots of the goal she seeks to obtain, *i.e.,* registration of the judgment in Kansas, rather than reasons for registration in the first place. In addition, plaintiff argues that the trial court's cancellation of the registration on the ground there was pending a K.S.A. 60-260(*b*) motion against the original Kansas judgment was erroneous because it violated "ripeness" standards. Further, she claims decisional and secondary authorities recognize the validity of a foreign judgment based upon a judgment of another state later vacated and found void. These last two assertions are also really dependent upon a finding that her basic contention that the Missouri judgment is a new judgment, independent of the original Kansas judgment, is sound.

The crux of the issue, then, is found in the nature of the Missouri judgment. What is its status? Is it a "foreign judgment" within the meaning of K.S.A. 60-3001 *et seq.,* and thereby entitled to registration in Kansas and to all of the enforcement rights afforded such judgments? Defendant argues the judgment is not entitled to registration and the trial court properly cancelled the registration for the following reasons: (1) the doctrine of collateral estoppel barred registration of the Missouri judgment in Kansas; (2) the Missouri judgment is really a "Kansas" judgment and not registrable under K.S.A. 60-3001; (3) a foreign judgment is entitled to no greater force than a local judgment; and (4) plaintiff did not comply with the procedural requirements of K.S.A. 60-3003 because she did not file an affidavit containing the last known post office address of the judgment creditor.

Defendant's last contention may be quickly disposed of at the outset. It should not be considered on appeal because this de-

fense was apparently never asserted at the district court level. The record on appeal bears no trace of any such argument and defendant fails to provide any citation to any action she took raising this defense below. *Landrum v. Taylor,* 217 Kan. 113, Syl. ¶ 5, 535 P.2d 406 (1975).

The general rule regarding foreign judgments is found in *Fischer v. Kipp,* 177 Kan. 196, 197-98, 277 P.2d 598 (1954); "[A] properly authenticated judgment rendered by a court of one state is, under the full faith and credit clause of the United States Constitution, Article 4, Section 1, entitled in the courts of another state to the force, the effect, and the full faith and credit, it has by law in the courts of the state where judgment was rendered." Accord, *National Equip. Rental, Ltd. v. Taylor,* 225 Kan. 58, 587 P.2d 870 (1978); *Hickman v. Frerking,* 4 Kan. App. 2d 590, 609 P.2d 682 (1980). While there are recognized exceptions to the full faith and credit requirement, see, *e.g., National Equip. Rental, Ltd. v. Taylor; Brockman Equipment Leasing, Inc. v. Zollar,* 3 Kan. App. 2d 477, 596 P.2d 827 (1979); Restatement (Second) Conflict of Laws, § 103-105 (1971), none of them seem precisely applicable here.

The Kansas legislature adopted the 1964 revised version of the Foreign Judgments Act promulgated by the National Conference of Commissioners on Uniform State Laws with a few minor variations. In the prefatory notes, the Commissioners acknowledged the serious problems with court congestion. By the act the Commissioners sought to provide the enacting states with a "speedy and economical" method of according full faith and credit to the judgments of courts of other states as required by Article IV, Section 1 of the United States Constitution. In *Alexander Construction Co. v. Weaver,* 3 Kan. App. 2d 298, 300-301, 594 P.2d 248 (1979), the recognized purpose of the Kansas Act was "to provide a more effective and efficient time-saving procedure for the enforcement of judgments obtained in foreign jurisdictions. . . . Once the foreign judgment has been filed in accord with the Uniform Enforcement of Foreign Judgments Act now applicable in Kansas, that foreign judgment shall have the same force and effect for enforcement as a domestic judgment under K.S.A. 60-2403 and 60-2404." Syllabus ¶ 2 goes further and states that such judgments "are considered Kansas judgments as of the date of the Kansas filing."

"Foreign judgment" is defined in K.S.A. 60-3001 as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state: *Provided,* No judgment of any court of this state shall be deemed to be a foreign judgment in any other court of this state."

Plaintiff argues that the Missouri judgment is a "foreign judgment" under K.S.A. 60-3001 and finds her support in Missouri law. Missouri adopted the 1948 version of the Uniform Enforcement of Foreign Judgments Act with some variations. Its purpose was much the same as the revised act, but it entails more cumbersome procedural mechanisms. The 1948 Uniform Act contained a summary procedure for enforcement of foreign judgments which the prefatory note to the 1964 act stated had been rendered superfluous in many states because of the widespread adoption by the states of a form of the Federal Rules of Civil Procedure with their own summary judgment procedures. Thus, the Commissioners sought a simpler procedure, more akin to the federal act for interdistrict enforcement of judgments rendered in Federal District Courts contained in 28 U.S.C. § 1963 (1977).

The plaintiff relies upon Mo. Rev. Stat. § 511.760.7 (1978) which reads: "If the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained [as provided by the act], or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it is registered."

Plaintiff urges that this more complex method of registering a foreign judgment in Missouri, and with which she complied when registering the Kansas judgment there, created an independent Missouri judgment no longer attached or bonded to the original Kansas judgment in any way.

Although plaintiff correctly specifies the difference between the relative ease in registering a foreign judgment in Kansas by filing and providing notice thereof in accord with K.S.A. 60-3002 and -3003 and the more complicated Missouri procedures, contrary to the apparent thrust of plaintiff's contention, these differences do not compel a finding that a foreign judgment registered in Missouri acquires a higher status than one registered in Kansas. An examination of the prefatory comments to the 1948 and 1964 Uniform Acts in no way suggests that such a distinction was ever contemplated. The Commissioners were merely looking for a

quicker, more economical solution to recognition of foreign judgments which complied with constitutional requirements.

Although considering a different issue, the Missouri Court of Appeals had occasion to discuss the purpose of the Missouri act in *Coming Truck & Radiator Serv. v. J. W. M., Inc.,* 542 S.W.2d 520, 525 (Mo. App. 1976), as follows: "We believe that it is clear that in enacting the law the legislature intended to afford judgment creditors an alternative and summary method of enforcing judgments of foreign forums which were entitled to full faith and credit in the Federal Constitution in addition to that already available by a suit on the foreign judgment in the nature of a suit on a debt as had been the practice in Missouri."

An earlier decision observed that a duly registered foreign judgment in Missouri is a judgment of the Missouri Circuit Court "as fully as though it had been rendered by said court in a proceeding originating in that court; and it may be enforced in the same manner as any other like judgment may be enforced under Missouri law and procedure." *Mangold v. Mangold,* 294 S.W.2d 368, 369 (Mo. App. 1956).

Both Kansas and Missouri versions of the Uniform Act are focused upon *enforcement* of foreign judgments as required by the full faith and credit clause of the Constitution. These registration acts seek to do no more and indeed are compelled to do no more. Their purpose is to facilitate enforcement of a judgment in the state where registered, not to enhance the judgment in the original state of rendition. They were not designed to impose a "super-status" upon the judgment of a sister state, despite the decisional and statutory language that may speak in terms of personal judgments or new judgments. It is clear from a reading of the entire Missouri Act that even after registration, Missouri acknowledges the bond between the registered judgment and its parent. Mo. Rev. Stat. § 511.760.15 (1978) provides, "Satisfaction, either partial or complete, of the original judgment or of a judgment entered thereupon in any other state shall operate to the same extent as satisfaction of the judgment in this state, except as to costs authorized by subsection 14."

In sum, registration of the Missouri judgment under the Kansas Uniform Enforcement of Foreign Judgments Act may not be deemed to create a judgment conferring more benefits upon the judgment creditor in Kansas than the original Kansas judgment.

The underlying Kansas judgment upon which the Missouri judgment was based simply cannot be ignored. A "foreign judgment" registered under the Missouri provisions shall not be considered a "foreign judgment" that can subsequently be registered in Kansas pursuant to K.S.A. 60-3001 *et seq.*, as such is not within the spirit or intent of the act. The act was designed only to provide a method of enforcement in the sister state as required by the United States Constitution, not create new rights in the judgment creditor in the original state of rendition. Therefore, we find the Johnson County District Court properly cancelled registration of the Missouri judgment because it is not a foreign judgment as defined by K.S.A. 60-3001.

In light of our determination with respect to this issue, plaintiff's remaining issue regarding posting security is moot and, therefore, need not be addressed.

Judgment affirmed.