No. 54,890

JOHNSON BROTHERS WHOLESALE LIQUOR CO., *Plaintiff/Appellee*, v. BRUCE CLEMMONS, *Defendant/Appellant*.

(661 P.2d 1242)

Opinion filed April 29, 1983.

*Kenneth F. Crockett*, of Tilton, Dillon, Beck & Crockett, of Topeka, argued the cause and was on the briefs for the appellant.

*Robert L. Baer*, of Cosgrove, Webb & Oman, of Topeka, argued the cause, and *J. Craig Anderson*, of the same firm, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a proceeding to enforce a Minnesota judgment under the Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq*. The plaintiff-appellee is Johnson Brothers Wholesale Liquor Co. The defendant-appellant is Bruce Clemmons.

The facts in the case are not in dispute and are as follows: On May 14, 1971, the plaintiff obtained a judgment in Minnesota against the defendant and others in the amount of $39,402.78. This judgment was rendered by the district court of Ramsey County, Minnesota. On December 7, 1971, the plaintiff filed an action in the district court of Shawnee County based upon the

Minnesota judgment. The Kansas court entered summary judgment in favor of the plaintiff on February 15, 1972, in the amount of $39,402.78 plus interest. On May 9, 1972, plaintiff attempted to levy execution on the property of the defendant but the execution was returned unsatisfied. Thereafter, no additional action was taken by plaintiff on that Kansas judgment, and it became dormant under the provisions of K.S.A. 60-2403. Plaintiff failed to revive that judgment within two years after the date the judgment became dormant as required by K.S.A. 60-2404.

On September 24, 1973, plaintiff received payment of the sum of $12,902.22 in partial satisfaction of the plaintiff's judgment from a trustee in bankruptcy appointed by a federal court in Minnesota. Thereafter, no further action was taken by the plaintiff upon its 1971 Minnesota judgment until May of 1981 when plaintiff initiated an action in the district court of Ramsey County, Minnesota, based upon the 1971 Minnesota judgment. The record shows that personal service in that action was made on the defendant in Shawnee County on May 12, 1981. On July 16, 1981, the district court of Ramsey County, Minnesota, entered a new judgment in favor of the plaintiff in the amount of $46,418.25 and costs. Thereafter, the plaintiff filed its 1981 Minnesota judgment in the district court of Shawnee County and proceeded to enforce the same in compliance with the Uniform Enforcement of Foreign Judgments Act (K.S.A. 60-3001 *et seq.*).

On April 27, 1982, the district court of Shawnee County entered judgment in favor of the plaintiff holding the 1981 Minnesota judgment to be properly filed and enforceable under the uniform act. The defendant has brought a timely appeal to this court.

The primary issue presented in the case is whether the 1981 Minnesota judgment is enforceable under the factual circumstances set forth above. In determining this issue we must consider the Kansas statute of limitations, the Kansas statutes pertaining to dormant judgments and revivor of the same, and the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1.

K.S.A. 60-3001 defines a foreign judgment to include any judgment, decree, or order of any other court which is entitled to full faith and credit in this state. K.S.A. 60-3002 provides that a judgment filed pursuant to the act has the same effect and is

subject to the same procedures, defenses, and proceedings as a judgment of a district court of this state and may be enforced or satisfied in like manner. K.S.A. 60-3006 declares that the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under the uniform act remains unimpaired.

The Kansas statute of limitations governing actions brought on foreign judgments is K.S.A. 60-511(5) which sets a period of limitation of five years for an action for relief not provided for otherwise in the article governing the statute of limitations. See *Leonard v. Kleitz,* 155 Kan. 626, 127 P.2d 421 (1942); *Rice v. Moore,* 48 Kan. 590, 30 Pac. 10 (1892); *Alexander Construction Co. v. Weaver,* 3 Kan. App. 2d 298, 594 P.2d 248 (1979). In passing, it should be noted that K.S.A. 60-516 provides that where the cause of action has arisen in another state and where the cause of action cannot be maintained thereon by reason of lapse of time, no action can be maintained in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued.

K.S.A. 60-2403 provides, in substance, that if execution shall not be sued out within five years from the date of any judgment rendered in any court of record of this state or within five years from the date of any order reviving such judgment or, if five years have intervened between the date of the last execution issued on any judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor. When a judgment shall become dormant and shall so remain for a period of two years, it is the duty of the clerk of the court to release the judgment of record.

K.S.A. 60-2404 provides, in substance, that a dormant judgment may be revived within two years of the date on which such judgment became dormant. The holder is required to file a motion for a revivor and a request for the immediate issuance of an execution thereon if such motion is granted. As noted above, the judgment obtained by plaintiff in Shawnee County District Court on February 15, 1972, became dormant and was not revived under the statutory provisions. In Kansas, under these statutes, a party may, by the issuance of an execution every five years, keep a judgment alive indefinitely. The judgment remains

in force without execution for five years, and the plaintiff may revive it at any time within two years if it has become dormant thereafter, so that a plaintiff may neglect his judgment for seven years, lacking a day, and then revive it and put it in force for five years more. *Riney v. Riney*, 205 Kan. 671, 680, 473 P.2d 77 (1970).

The Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, declares that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. The United States Supreme Court and other federal courts have consistently held that the Full Faith and Credit Clause does not prevent the forum state from applying its own statute of limitations to a sister state's judgments, provided the statute of limitations of the forum does not discriminate against out-of-state judgments and does not deny, unreasonably restrict, or oppressively burden the right to bring such an action to enforce such judgment. The leading case that recognizes this principle is *M'Elmoyle v. Cohen*, 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839). Many cases following the rule are cited in the annotation in 36 A.L.R.2d 567 and also in the annotation found at 17 L.Ed.2d 952.

Thus, it has been recognized that a state may refuse to enforce the judgment of a sister state, where an action on that judgment is brought later than the applicable statute of limitations of the forum permits, even though the judgment would not have been barred in the state which rendered it.

The principle is also well established that, where an action is brought in another state upon a judgment of a sister state which is a revival of an earlier judgment, and under the law of the state rendering the revival judgment it is a new judgment and not merely an extension of the statutory period in which to enforce the original judgment, a judgment of revival, as a new judgment, is entitled to full faith and credit and may not be refused enforcement on the ground that under the law of the forum the original judgment could not have been revived at the time it was revived by the judgment of the sister state. The rule has been applied both where the judgment of revival was rendered in the state where the original judgment had been rendered (*Union National Bank v. Lamb*, 337 U.S. 38, 93 L.Ed. 1190, 69 S.Ct. 911, *rehearing denied* 337 U.S. 928 [1949]), and also where the

judgment of revival was rendered in a sister state. *Roche v. McDonald,* 275 U.S. 449, 72 L.Ed. 365, 48 S.Ct. 142 (1928). This principal was recognized in *Tanner v. Hancock,* 5 Kan. App. 2d 558, 619 P.2d 1177 (1980).

The controlling question in this case is whether the 1981 Minnesota judgment was a *new judgment* and not merely an extension of the statutory period in which to impose the original judgment. This court has held that in an action on a foreign judgment its nature, validity, and finality are to be tested by the law of the jurisdiction where the judgment was rendered. *Baker v. Erbert,* 199 Kan. 59, 62, 427 P.2d 461 (1967). Here, the issue of whether the 1981 Minnesota judgment was a valid new judgment must be determined under the Minnesota statutes and case law. Under Minn. Stat. Ann. § 550.01 (West 1947), a party in whose favor a judgment is given may proceed to enforce the same at any time within ten years after the entry thereof. Minn. Stat. Ann. § 548.09 provides, in substance, that a judgment shall survive, and the lien thereof continue, for the period of ten years next after its entry. Minn. Stat. Ann. § 541.04 provides that no action shall be maintained upon a judgment unless begun within ten years after the entry of such judgment. Under Minnesota case law, where a new action is filed on an old judgment during the ten-year period, the judgment creditor obtains a *new judgment* which thereafter has a ten-year life of its own. *Sandwich Manuf'g Co. v. Earl,* 56 Minn. 390, 397, 57 N.W. 938 (1894). That case is cited in *Good v. Kleinhammer,* 122 Kan. 105, 108, 251 Pac. 405 (1926).

In this case, the district court held that it was bound to follow the substantive law of Minnesota, the state in which the 1981 judgment was entered. It cited *Sandwich Manuf'g Co. v. Earl* and pointed out that, according to Minnesota substantive law, the judgment entered on July 16, 1981, was a new judgment and not merely a revival or extension of the judgment entered in 1971. The trial court then concluded that, because the Minnesota judgment of July 16, 1981, was only four months old at the time the suit was commenced in Shawnee County District Court, the Kansas statute of limitations is not a bar to this action. We approve the rationale of the trial court under the statutes and

case law cited above. It follows that the judgment of the district court must be affirmed.

Judgment affirmed.