(668 P.2d 193)
No. 54,722

CHARLES F. WARNER, PERSONAL REPRESENTATIVE OF THE ESTATE OF ERNA A. WARNER, DECEASED, *Appellee,* v. CHARLES M. WARNER, *Appellant.*

Opinion filed August 18, 1983.

*Robert B. Yohe,* of Overland Park, for the appellant.

*Craig U. Huntley* and *Lonnie A. Hamilton,* of Shawnee Mission, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

FOTH, C.J.: Charles M. Warner appeals the trial court's denial of his motion to declare certain overdue payments required by a Missouri decree of separate maintenance registered in Kansas to be dormant judgments.

A Missouri court awarded Erna A. Warner, the plaintiff (now deceased), a decree of separate maintenance against Charles M. Warner, the defendant, on January 12, 1971. The defendant was ordered to pay the plaintiff $600 per month, starting on January 15, 1971. The Missouri court reduced the monthly payments to $300 on April 26, 1976.

On November 16, 1976, after defendant moved to Kansas, the plaintiff registered the Missouri decree in the District Court of Johnson County, Kansas, as a "foreign support order" under K.S.A. 23-487. She alleged that the past due support payments totalled $26,000, plus interest.

There ensued considerable procedural maneuvering, includ-

ing a proceeding in aid of execution in October, 1981. Finally, in June, 1982, the defendant moved for a finding that payments due before October, 1976, five years before the attempted Kansas execution, were dormant judgments. The trial court denied the motion and entered judgment on that aspect of the case under K.S.A. 60-254(*b*). Defendant has appealed.

The first issue to be resolved is the nature of the order registered in Kansas in November, 1976. Under Kansas law each installment of alimony becomes a judgment when due. *Kendall v. Kendall*, 218 Kan. 713, 717, 545 P.2d 346 (1976); *Ediger v. Ediger*, 206 Kan. 447, Syl. ¶ 2, 479 P.2d 823 (1971). Missouri law is the same. *Barbara v. Charles*, 632 S.W.2d 92, 93 (Mo. App. 1982); *Wedel v. Wedel*, 624 S.W.2d 869, 870 (Mo. App. 1981). And *cf. In re Marriage of Holt*, 635 S.W.2d 335 (Mo. 1982). Thus, as to past due installments, what was registered was a series of individual money judgments dating from January 15, 1971, through November 15, 1976.

The second issue is whether all of these judgments were eligible for registration. The Missouri dormancy statute was ten years (Mo. Ann. Stat. § 516.350 [Vernon 1952]), so there is no question the judgments were enforceable in Missouri when registered here. The issue framed by the parties is based on the assumption that our dormancy statute, K.S.A. 60-2403, determines whether a foreign judgment is enforceable when it is filed in Kansas. The court addressed this issue in *Alexander Construction Co. v. Weaver*, 3 Kan. App. 2d 298, 594 P.2d 248 (1979). In that case, the plaintiff obtained a Colorado judgment against the defendant in 1968. Under Colorado law, judgments are enforceable for twenty years. In 1977 the plaintiff filed the judgment in Kansas. The defendant argued, and the trial court agreed, that the plaintiff's claim was barred by the dormancy provisions set out in K.S.A. 60-2403 and 60-2404. This court affirmed the result, but rejected the trial court's reasoning. Registration is a simplified alternative to bringing suit on the foreign judgment, and if suit is barred so is registration. Thus, K.S.A. 60-511, the general statute of limitations, and not the Kansas dormancy statutes governs the enforceability of foreign judgments in Kansas. See also *Johnson Brothers Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, 661 P.2d 1242 (1983).

The statute of limitations for enforcement of overdue install-

ments runs from the date the payments become due. See *McKee v. McKee,* 154 Kan. 340, 342, 118 P.2d 544 (1941); *Peters v. Weber,* 175 Kan. 838, 843-44, 267 P.2d 481 (1954). The result here is that installments which became due more than five years before the registration on November 16, 1976, would be barred not because of dormancy but because of the five-year statute of limitations for bringing suit on those installments. While the limitations issue was raised in defendant's 1976 "petition to vacate registration" it was not ruled on in the order of June 22, 1982, from which this appeal was taken, and is not before us.

The third question is the effect of the dormancy statute, .60-2403, on the judgments after they were registered. Both K.S.A. 23-487, the foreign support order statute, and K.S.A. 60-3002 of the general foreign judgments act, provide in essence that once the foreign judgment is registered it is to be treated as if it were a Kansas judgment. Under K.S.A. 60-2403 a Kansas judgment becomes dormant five years after its effective date. What is the effective date for dormancy purposes of a foreign judgment? We think it must be the date it is registered. Thus a foreign judgment four years and eleven months old when registered does not become dormant in Kansas a month later. Such a rule would defeat the purpose of the registration act and be totally inconsistent with the result achieved if the judgment holder sued on the foreign judgment, as permitted by K.S.A. 60-3006. Instead, registration of a foreign judgment which is enforceable when registered gives the judgment creditor a new and additional five years to execute, regardless of when the judgment was rendered in the foreign state.

The judgment registered here had two elements. The provision for future support we are not concerned with—it terminated in any event on the death of the original plaintiff. The past due installments, as noted above, amounted to a series of money judgments. When recorded in Kansas they became Kansas judgments which would not become dormant for five years from the date of registration. Since execution was attempted within that time the judgments were not dormant, and the trial court correctly so held.

Affirmed.