(727 P.2d 928)
No. 58,242

WARREN WORTHINGTON, *Appellee*, v. JENE A. MILLER, *Appellant'*

Opinion filed April 17, 1986.

*Terry L. Cikanek*, of Krysl & Cikanek, of Stockton, for the appellant.

*Robert A. Thompson*, of Barta & Barta, of Salina, for the appellee.

Before BRISCOE, P.J., RALPH M. KING, JR., District Judge, assigned, and DAVID S. KNUDSON, District Judge, assigned.

BRISCOE, J.: Jene A. Miller appeals from the trial court's enforcement of a Colorado judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq.*

The facts of this case are not in dispute. Warren Worthington obtained a default judgment against Miller in Larimer County,

Colorado, on December 23, 1974. This judgment remained unsatisfied and, on January 30, 1984, Worthington obtained an order from a Colorado district court reviving his original 1974 judgment.

On June 20, 1984, Worthington filed a certified copy of the Colorado judgment in Rooks County, Kansas, pursuant to the requirements of the Uniform Enforcement of Foreign Judgments Act. Following registration, Worthington executed garnishment against Miller's property located in Kansas. Miller filed a motion to suspend the garnishment in Rooks County District Court and also to cancel registration of the Colorado judgment. The court upheld the registration and enforcement of the Colorado judgment.

On appeal, Miller contends the Kansas statute of limitations bars registration of the 1974 Colorado judgment because the judgment was ten years old when Worthington registered it in Kansas. Miller relies on the five-year statute of limitations in K.S.A. 60-511(5) to argue that, in order to enforce a foreign judgment, the judgment must be registered in Kansas within five years from the date the judgment was rendered.

Key to our determination of this statute of limitations issue is our resolution of the underlying issue of whether the 1984 Colorado revival action created a *new* judgment, or whether it merely extended the 1974 judgment. Miller argues that revival merely extended the original judgment and, therefore, the Kansas statute of limitations bars registration. The trial court agreed with Worthington, who argues that revival created a new judgment in 1984 which could be registered within the Kansas statute of limitations because the judgment was then only several months old. In our review of this issue of law, we are guided by the premise that a trial court's conclusions of law are subject to appellate review and will be set aside if incorrect. *Baker v. R. D. Anderson Constr. Co.*, 7 Kan. App. 2d 568, 571, 644 P.2d 1354 (1982).

In *Johnson Brothers Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, 661 P.2d 1242 (1983), our Supreme Court again recognized that full faith and credit shall be given in each state to the judgments entered in sister states. The court went on to explain how statutes of limitations and revival of earlier judgments have affected the general premise of full faith and credit:

"[I]t has been recognized that a state may refuse to enforce the judgment of a sister state, where an action on that judgment is brought later than the applicable statute of limitations of the forum permits, even though the judgment would not have been barred in the state which rendered it.

"The principle is also well established that, where an action is brought in another state upon a judgment of a sister state which is a revival of an earlier judgment, and under the law of the state rendering the revival judgment it is a new judgment and not merely an extension of the statutory period in which to enforce the original judgment, a judgment of revival, as a new judgment, is entitled to full faith and credit and may not be refused enforcement on the ground that under the law of the forum the original judgment could not have been revived at the time it was revived by the judgment of the sister state. The rule has been applied both where the judgment of revival was rendered in the state where the original judgment had been rendered [citation omitted], and also where the judgment of revival was rendered in a sister state. [Citation omitted.] This principle was recognized in *Tanner v. Hancock*, 5 Kan. App. 2d 558, 619 P.2d 1177 (1980)." 233 Kan. at 408-09.

In order to determine whether the revival of judgment here created a new judgment, we must apply Colorado law. *Johnson Brothers*, 233 Kan. at 409. Colo. Civil Rules Annot. 54(h) (1985) provides:

"A judgment may be revived against any one or more judgment debtors whether they are jointly or severally liable under the judgment. To revive a judgment a motion shall be filed alleging the date of the judgment and the amount thereof which remains unsatisfied. Thereupon the clerk shall issue a notice requiring the judgment debtor to show cause within ten days after service thereof why the judgment should not be revived. The notice shall be served on the judgment debtor in conformity with Rule 4. If the judgment debtor answer, any issue so presented shall be tried and determined by the court. *A revived judgment* must be entered within twenty years after the entry of the judgment which it revives, and *may be enforced and made a lien in the same manner and for like period as an original judgment.* If a judgment is revived before the expiration of any lien created by the original judgment, the filing of the transcript of the entry of revivor in the register of actions with the clerk and recorder of the appropriate county before the expiration of such lien shall continue that lien for the same period from the entry of the revived judgment as is provided for original judgments. Revived judgments may themselves be revived in the manner herein provided." Emphasis added.

By stating the revived judgment may be treated "as" an original judgment, the language of the rule leaves in doubt whether the revived judgment *is* a new judgment. Further, Colorado case law provides little guidance. Fortunately, the identical issue has been considered by both the United States and Missouri Supreme Courts.

In *Union Natl. Bk. of Wichita v. Lamb*, 358 Mo. 65, 213 S.W.2d 416 (1948), the Missouri Supreme Court refused to enforce a Colorado judgment that had been originally rendered in 1927 and revived pursuant to Colorado law in 1945. According to the Missouri Supreme Court, such a judgment was not entitled to full faith and credit because under Missouri law revival was limited to a ten-year period. The United States Supreme Court reversed and concluded that the Colorado judgment was entitled to full faith and credit if under Colorado law revival created a new judgment and did not merely extend the original judgment. *Union National Bank v. Lamb*, 337 U.S. 38, 93 L. Ed. 1190, 69 S. Ct. 911, *reh. denied* 337 U.S. 928 (1949). In the majority opinion, Justice Douglas concluded that under Colorado law "a revived judgment has the effect of a new one." 337 U.S. at 44. This conclusion is mere dicta, however, as the Supreme Court was not required to determine the issue. On remand, the Missouri Supreme Court considered the issue, reviewed the language of Colorado's Rule 54(h), and ultimately concluded that under Colorado law revival created a new judgment. *Union Natl. Bank of Wichita v. Lamb*, 360 Mo. 81, 89, 227 S.W.2d 60 (1950). The Missouri Supreme Court opinion, like that of Justice Douglas, relied primarily on the language of the rule itself as well as the Colorado case of *LaFitte v. Salisbury*, 43 Colo. 248, 95 Pac. 1065 (1908).

Although the language contained in *LaFitte* is far from conclusive in resolving the issue, the only persuasive authority presented to us supports the trial court's conclusion that a revival under Colorado law creates a new judgment. This conclusion is correct and is upheld.

Miller next contends the registration in Kansas is barred by Worthington's failure to register the judgment within five years from the date the original cause of action arose, citing K.S.A. 60-511 and -516. Miller argues that the five-year statute of limitations bars registration of this particular foreign judgment whether or not revival created a new judgment. He cites *Warner v. Warner*, 9 Kan. App. 2d 6, 668 P.2d 193 (1983), and *Alexander Construction Co. v. Weaver*, 3 Kan. App. 2d 298, 594 P.2d 248 (1979), for the proposition that the time limit for registering a foreign judgment begins to run when the cause of action arises rather than when the judgment is rendered. Neither case sup-

ports the rule suggested. In fact, the court in *Weaver* noted that under the statute of limitations time begins to run when the judgment is rendered. 3 Kan. App. 2d at 301-02. The Kansas Supreme Court followed the same rule in *Johnson Brothers*, 233 Kan. at 409, when it allowed registration of the foreign judgment in Kansas ten years after the cause of action had arisen because the judgment had been revived and registered in Kansas within five years from the date of revival.

Lastly, Miller contends the trial court erred in not finding the Colorado judgment void for lack of personal service. Miller maintains the trial court should have refused to register the foreign judgment because it was void. Miller alleges the original Colorado judgment was ineffective because he was never personally served.

Miller was entitled to attack the jurisdiction of the original Colorado judgment, and if jurisdiction was lacking the judgment was not entitled to full faith and credit. *Brockman Equipment Leasing, Inc. v. Zollar*, 3 Kan. App. 2d 477, 482, 596 P.2d 827 (1979). In challenging jurisdiction, however, "The burden of undermining the verity which [foreign] decrees import rests heavily upon the assailant." *Williams v. North Carolina*, 325 U.S. 226, 233-34, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945). In the present case, Miller has not met this burden. Miller did not raise the jurisdictional issue initially in the original Colorado case, but instead waited to raise the issue until after the Kansas trial court had ruled in favor of Worthington. The jurisdiction issue was first raised at a hearing on Miller's motion to amend the Kansas trial court's order. At the hearing, counsel argued that Miller's father would testify that the service of process in the original Colorado action was inadvertently served on him, Jene Miller, rather than on defendant, Jene A. Miller. According to defense counsel, the proper defendant never had notice of the original Colorado proceedings. No actual evidence was ever offered to support this contention.

It is generally held that a sheriff's return on summons may not be impeached by oral testimony, after judgment, as to matters therein recited which were within the officer's personal knowledge. *Kackley State Bank v. Nichols*, 162 Kan. 648, Syl. ¶ 1, 179 P.2d 186 (1947). In the present case, the original Colorado judgment notes that personal service was had upon Jene A.

Miller on November 11, 1974. Miller's jurisdiction argument was therefore inadequate as he failed to present evidence which would have permitted the trial court to void the original Colorado judgment.

Affirmed.