Robert J. Watson Overland Park City Attorney City Hall, 8500 Santa Fe Drive Overland Park, Kansas 66212-2899
Dear Mr. Watson:
You request our opinion regarding the recently enacted violence against women act (VAWA) which addresses the problems of gender-based violence. 108 Stat. 1902 (1994). Title I of this act increases sentences for repeat offenders who commit crimes against women; Title II focuses on domestic violence crimes; Title III creates a civil rights remedy for violent gender-based discrimination; Title IV grants funds to be spent on problems faced by women on college campuses and Title V provides training for federal and state judges to combat gender bias in the courts.
Your questions focus on 18 U.S.C. § 2265 which requires that protection orders issued by a court of one state or Indian tribe be accorded full faith and credit by a court of another state or Indian tribe. Your questions will be answered in the order raised.
18 U.S.C. § 2265 provides as follows:
 "(a) Full Faith and Credit. — Any protection order issued that is consistent with subsection (b) of this section by the court of one State or Indian tribe (the issuing State or Indian tribe) shall be accorded full faith and credit by the court of another State or Indian tribe (the enforcing State or Indian tribe) and enforced as if it were the order of the enforcing State
or tribe.
 "(b) Protection order. — A protection order issued by a State or tribal court is consistent with this subsection if —
 "(1) such order has jurisdiction over the parties and matter under the law of such State or Indian tribe; and
 "(2) reasonable notice and opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process. In the case of ex parte orders, notice and opportunity to be heard must be provided within the time required by State or tribal law, and in any event within a reasonable time after the order is issued, sufficient to protect the respondent's due process rights.
 "(c) Cross or counter petition. — A protection order issued by a State or tribal court against one who has petitioned, filed a complaint, or otherwise filed a written pleading for protection against abuse by a spouse or intimate partner is not entitled to full faith and credit if —
 "(1) no cross or counter petition, complaint, or other written pleading was filed seeking such a protection order; or
 "(2) a cross or counter petition has been filed and the court did not make specific findings that each party was entitled to such an order."
1. IF A KANSAS LAW ENFORCEMENT OFFICER IS PRESENTED WITH A FOREIGN PROTECTIVE ORDER IN THE MIDDLE OF THE NIGHT, SHOULD THE OFFICER TREAT THE ORDER AS IF IT WERE ISSUED BY A KANSAS COURT?
The violence against women act is one year old and there are no cases interpreting its provisions nor does legislative history illuminate Congress' intent regarding foreign protection orders. However, in spite of this dearth of information, the legislative history in general supports an interpretation that provides greater legal protection for victims of domestic violence crimes. Consequently, it is our opinion that the plain language of the statute indicates that a protection order issued by a court of another state or an Indian tribe must be treated and enforced as if it were a protection order issued by a Kansas court. The only exception to the full faith and credit rule is found at subsection (c) which addresses some mutual protection orders. [See Full Faithand Credit; Interstate Enforcement of Protection Orders Under theViolence Against Women Act of 1994, 29 Family Law Quarterly 253, 266 (1995)].
2. DOES THE LANGUAGE IN SECTION (A) THAT READS `SHALL BE ACCORDED FULL FAITH AND CREDIT BY THE COURT OF ANOTHER STATE AND ENFORCED AS IF IT WERE THE ORDER OF THE ENFORCING STATE,' REQUIRE THE PERSON WHO PETITIONED FOR THE ORDER IN THE FOREIGN JURISDICTION TO FILE THE ORDER WITH A KANSAS DISTRICT COURT IN ORDER FOR IT TO BE GIVEN FULL FAITH AND CREDIT?
Ordinarily, a person who wants to enforce a foreign court order or judgment in Kansas must file a common law action in a Kansas court. Kansas' New Foreign Judgment Act, 40 J.B.A.K. 187 (1971). Alternatively, the uniform enforcement of foreign judgments act provides that foreign court orders may be filed with the clerk of the district court. K.S.A. 60-3002. Once filed, the judgment is treated as if it were a Kansas judgment. K.S.A. 60-3002;Alexander Construction v. Weaver, 3 Kan. App. 2d 298 (1979);Warner v. Warner, 9 Kan. App. 2d 6 (1983). However, if a victim of abuse were to use this remedy the victim would have to give notice of the filing to her batterer; the notice would include her address which would hinder the victim's ability to keep her location a secret. K.S.A. 60-3003.
There is nothing in the violence against women act that requires that a foreign protection order be filed or registered before it can be enforced. Consequently, it is our opinion that the act does not require the victim to register her foreign protection order in the enforcing state.
 "The VAWA does not require the victim to register her foreign protection order in the enforcing state. Although there are advantages to registering protection orders, requiring registration could leave victims unprotected and vulnerable from the time they enter a new state until the time they become aware of and satisfy registration requirements. Under the VAWA, a victim with a valid protection order receives continuous protection until the expiration of that order, regardless of which state she has entered." Full Faith and Credit, supra, at 256-257.
3. HOW IS A KANSAS LAW ENFORCEMENT AGENCY TO KNOW IF THE DUE PROCESS REQUIREMENTS OF SECTION (B) WERE SATISFIED?
A foreign judgment is not entitled to full faith and credit if the court that issued the judgment had no jurisdiction. State v.Duke, 205 Kan. 37, 40 (1970). Foreign protection orders are only afforded full faith and credit if the due process requirements of the issuing state were met. However, law enforcement officers will not be in a position to determine whether the requirements of due process have been satisfied. Only a court will be capable of making that determination if the person against whom the protection order is issued raises it in an action to enforce the order. In domestic violence situations, law enforcement officersmust arrest an individual if the officer has probable cause to believe that a crime has occurred. K.S.A. 1994 Supp. 22-2307; Attorney General Opinion No. 93-50. Violation of a foreign protection order may constitute criminal trespass.
In order to provide immunity to law enforcement officers we suggest that K.S.A. 1994 Supp. 22-2307 (law enforcement agencies required to establish written policies addressing domestic violence) be amended to include a provision that domestic violence policies address foreign protection orders and that K.S.A. 1994 Supp. 22-2308 (immunity for law enforcement officers acting pursuant to domestic violence policies) be amended to provide immunity for law enforcement officers who act on the authority of a foreign protection order. Finally, in order to facilitate enforcement of Kansas protection orders in other states, we suggest that such orders include a provision that indicates that the due process provisions of VAWA were complied with and that the protection order is valid and enforceable in all 50 states, the District of Columbia and tribal courts.
4. ARE VIOLATIONS OF THE FOREIGN ORDER WITHIN THE JURISDICTION OF KANSAS DISTRICT COURTS OR ARE THESE VIOLATIONS TO BE PROSECUTED BY THE UNITED STATES ATTORNEY?
A United States attorney may prosecute individuals who violate protection orders pursuant to 18 U.S.C. § 2262. However, a foreign protection order may also be enforced as if it were a protection order issued by a Kansas court.
 "Choice of law is another consideration under the VAWA. Courts have taken several different approaches when facing choice of law problems. The VAWA states that a foreign order is afforded full faith and credit and is `enforced as if it were the order of the enforcing state.' If, for example, a woman obtains a protection order in Maryland, and later flees to Pennsylvania, which state's law would apply is a choice of law problem. Under the language of VAWA, it seems clear that Pennsylvania law would apply because the order `shall be enforced as if it were the order of the enforcing state.' Thus, Pennsylvania would treat the order as if it had been issued by a court of Pennsylvania and would apply its own law." Full Faith and Credit, supra at 257.
There are two methods of enforcing Kansas protection orders: contempt and criminal prosecution. K.S.A. 60-3110 provides that a violation of an order issued under the protection from abuse statutes may constitute contempt. However, violation of such an order may also constitute criminal trespass. K.S.A. 60-3107.
K.S.A. 1994 Supp. 21-3721 defines criminal trespass as follows:
"(a) Criminal trespass is:
 "(1) Entering or remaining upon or in any land . . . structure . . . by a person who knows such person is not authorized or privileged to do so, and:
 "(A) Such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person; or
 "(C) such person enters or remains therein in defiance of a restraining order issued pursuant to K.S.A. 60-1607, 60-3105, 60-3106 or 60-3107 and K.S.A. 38-1542, 38-1543 or 38-1563, and amendments thereto, and the restraining order has been personally served upon the person so restrained."
In order to comply with the VAWA's requirement that Kansas enforce foreign protection orders in the same manner as Kansas protection orders, we recommend that the criminal trespass statute be amended to clearly provide that criminal trespass occurs when a person enters or remains on property in defiance of a foreign protection order. However, it is our opinion that a prosecutor may still file criminal trespass charges against a person who violates a foreign protection order by virtue of subsection (a)(1)(A). In some instances, assault and/or battery charges may be appropriate depending upon the circumstances. Additionally, a victim may seek enforcement of a foreign protection order through a contempt proceeding.
We suggest that the legislature may want to amend the protection from abuse act to ensure that violations of foreign protection orders are treated like Kansas protection orders by providing that violations of such orders may constitute assault, battery and criminal trespass as well as ensuring that the remedy of contempt is available.
Summarizing our opinion, we conclude that the VAWA requires that a valid protection order issued by a court of another state or an Indian tribe be accorded full faith and credit by a Kansas court and enforced as if it were a Kansas protection order if the due process requirements of 18 U.S.C. § 2265(b) are fulfilled. In some instances, full faith and credit may not be granted to mutual protection orders. There is no requirement that the foreign protection order be filed pursuant to the uniform enforcement of foreign judgments act. Furthermore, a Kansas law enforcement officer is not in a position to determine whether the due process requirements were fulfilled or whether a mutual protection order is entitled to full faith and credit; this is a decision for a court. Finally, both United States courts and Kansas courts may entertain violations of foreign protection orders.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm