**Henrietta CISTONE,**

v.

**FORD MOTOR COMPANY.**

**Civ. A. No. 79–2210.**

United States District Court,
E. D. Pennsylvania.

Nov. 19, 1980.

F. S. Poswistilo, Easton, Pa., for plaintiff.

Joseph V. Pinto, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Reaching into her automobile through the door opening on the passenger side, plaintiff attempted to turn the ignition switch located on the steering column. The gear selection lever moved from "park" to "reverse", and the car lurched backward, struck plaintiff and knocked her to the ground. To recover damages, plaintiff brought this diversity action based on strict liability under the Restatement (Second) of Torts, § 402 A. *See Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). Defendant, now moving for summary judgment, contends that Pennsylvania's two-year limitation on actions for personal injury bars plaintiff's claim, which she filed more than two years

after the accident. *See* 42 Pa.Cons.Stat. Ann. § 5524(2).[1] Plaintiff, on the other hand, argues that the cause of action arose in Michigan, where defendant manufactured the automobile,[2] and that, therefore, Michigan's three-year statute of limitations for personal injury actions applies, *see* Mich.Comp.Laws, § 600.5805 (Mich.Stat. Ann. § 27A.5805)[3] by virtue of Pennsylvania's "borrowing statute of limitations". *See* 12 P.S. § 39.[4] Continuing, plaintiff contends that the adoption of the Uniform Statute of Limitations on Foreign Claims Act[5] by the Pennsylvania Judicial Code, amending the borrowing statute, nonetheless does not exclude her claim because of the savings provision.[6]

Determining whether the Pennsylvania or Michigan statute of limitations governs a personal injury action brought in Pennsylvania against a Delaware corporation by a Pennsylvania resident requires examination of where the cause of action arose and whether the laws of that state totally bar the cause of action. *Mack Trucks v. Bendix-Westinghouse Automobile Air Brakes Co.*, 372 F.2d 18 (3d Cir. 1966), *cert. denied*, 387 U.S. 930, 87 S.Ct. 2053, 18

---

1. This section provides that
   [t]he following actions and proceedings *must* be commenced within two years: (2) an action to recover damages for injuries to the person ... caused by the wrongful violence or negligence of another. (emphasis added)

2. Although plaintiff did not allege that defendant manufactured the automobile in Michigan, for present purposes the complaint will be deemed to so allege. *See* Fed.R.Civ.P. 15(a), *Holman v. Carpenter Corp.*, 484 F.Supp. 406 (E.D.Pa.1980).

3. This section provides that
   [n]o person may bring or maintain any action to recover damages for injuries to persons ... unless, after the claim first accrued to himself ... he commences the action within the periods of time prescribed by this section.
   \* \* \* \* \* \*
   (7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

4. This section provides that "[w]hen a cause of action has been fully barred by the law of the state in which it arose, such bar shall be a complete defense to an action thereon in any of the courts of this Commonwealth". A similar

provision replaced this one effective June 27, 1978.

The revised provision states that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim". 42 Pa.Cons.Stat.Ann. § 5521.

5. *See* n.4.

6. § 25(a) provided that "[a]ny civil action or proceeding (1) the time heretofore limited by statute for the commencement of which is reduced by any provision of the act; and (2) which is not fully barred by statute on the date of this act; may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less ..."

Plaintiff's injuries occurred April 22, 1977. Plaintiff filed suit June 18, 1979. Plaintiff reasons that the result of this savings provision allows her to commence suit within one year of the effective date (June 27, 1979), which plaintiff successfully accomplished by filing nine days earlier.

L.Ed.2d 992 (1967). Assuming for present purposes that the cause of action arose in Michigan,[7] the laws of that state do not bar this suit.[8] In other words, the Michigan statute of limitations *expands* the time period available for plaintiff to bring suit. Accordingly, the Pennsylvania borrowing statute does not apply, *Duzinski v. American Baseball Cap Corp.*, No. 79–394, as amended (E.D.Pa. September 30, 1980), for borrowing statutes do not

> operate to a plaintiff's benefit; . . . [they] protect defendants by making a shorter period of limitations available . . . "[I]f the law of the forum provides a shorter period [than the law of the state where the cause of action arose] the action must be brought within the period prescribed."

*Prince v. Trustees of the University of Pennsylvania*, 282 F.Supp. 832, 839 (E.D.Pa. 1968), quoting *Foley v. Pittsburgh Des Moines Co.*, 363 Pa. 1, 10, 68 A.2d 517, 522 (1949). *Cf. Schenk v. Piper Aircraft Corp.*, 377 F.Supp. 477, 479 (W.D.Pa.1974), *aff'd*, 521 F.2d 1399 (3d Cir. 1975) ("[t]his statute serves to borrow the shorter statute of limitations of any state where the cause of action arose, but it is not applicable to the present case because the Pennsylvania statute of limitations is shorter here").[9]

The conflict of laws rules of the forum state, Pennsylvania, determine which statute of limitations applies. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Pennsylvania courts ordinarily apply the statute of limitations of the forum state. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir. 1980), *Rosenzweig v. Heller*, 302 Pa. 279, 153 A. 346 (1931). *See also* cases cited in *Duzinski v. American Baseball Cap Corp.*, amended slip op. at 4. This rule survived

**7.** Plaintiff concedes that if the applicable limitations period is two years, her claim is time barred.

**8.** *See* n.3.

**9.** Moreover, as to statutes of limitations, the Restatement (Second) of Conflict of Laws,

judicial jettison of the wooden *lex locus delicti* approach in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), which adopted the combined attitudes of the Restatement Second (contacts establishing significant relationships) and Professor Brainard Currie's "interest analysis" (qualitative appraisal of relevant states' policies regarding the controversy). *See Schenk v. Piper Aircraft Corp., supra. See also Melville v. American Home Assurance Co.*, 584 F.2d at 1311. Pennsylvania allows only two years in which to bring a personal injury action, and absent proper invocation of the borrowing statute, bars a claim brought after that time. Plaintiff's suit falls within the general rule. With no genuine issue as to any material fact and since defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment will be granted. *See* Fed.R.Civ.P. 56(c) and *Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (E.D.Pa.1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980).

§ 142, provides for application of the law of the forum. Pennsylvania courts have approved this position. *Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir. 1978), *Elston v. Industrial Lift Truck Co.*, 420 Pa. 97, 216 A.2d 318 (1966).