630 A.2d 55

**UNISYS FINANCE CORPORATION, A Successor to Burroughs Finance Corporation, Appellant,**

**v.**

**U S VISION, INC., Appellee.**

Superior Court of Pennsylvania.

Argued April 27, 1993.

Filed Aug. 24, 1993.

108

Robert Lenahan, Blue Bell, for appellant.

Jonathan M. Petrakis, Valley Forge, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

CAVANAUGH, Judge:

This appeal is from an order granting judgment on the pleadings in favor of defendant-appellee on the basis of the running of the statute of limitations. Appellants argue that the lower court erred in applying Pennsylvania law to the statute of limitations issue because Pennsylvania is merely the disinterested forum state and it has no interest in applying its procedural or substantive law to the resolution of this contract action. We find this argument without merit and affirm.

Appellant–Unisys Finance Corporation ("Unisys") sued appellee-U.S. Vision, Inc. ("U.S. Vision") on an equipment lease agreement in the Court of Common Pleas of Montgomery County. The complaint alleged that Unisys was a Michigan corporation and the successor in interest to the original contracting party Burroughs Finance Corporation. It alleged that U.S. Vision was a Pennsylvania corporation with its principal place of business in New Jersey. The complaint went on to allege the non-payment by U.S. Vision of its obligation under the lease, i.e. $1,836.00 per month for sixty (60) months, for office equipment. The lease contained a choice of law provision that, "this lease shall in all respects be

governed by and construed in accordance with the laws of the State of Michigan." The default under the lease was alleged as follows:

8. Vision defaulted on its obligation to tender monthly lease payments and despite demands by UFC, has consistently failed and refused to pay UFC any of the sums due and owing under the Lease.

9. On or about April 14, 1987, UFC notified Vision by letter that it was terminating the Lease and all of Vision's rights to the Equipment, demanded return of the Equipment, declared that the then sum of Ninety Three Thousand Two Hundred Seventy One Dollars Sixty Seven Cents ($93,271.67) including interest to that time due to be immediately due and payable and reserved any of its other rights and remedies against Vision under the terms of the Lease or otherwise available.

10. Pursuant to a letter dated March 9, 1988, Vision tendered to UFC a Voluntary Surrender Agreement and UFC repossessed the Equipment.

11. On or about May 27, 1988, UFC confirmed that it had repossessed the Equipment and notified Vision that it intended to arrange a private sale of the Equipment.

12. UFC was able to re-market a portion of the Equipment and accordingly has credited Vision's account in the amount of $6,800.00.

13. Pursuant to the term of the parties agreement interest has continued to accrue on the unpaid balance from 4/1/87 at 12% per year.

Complaint, filed August 1, 1991.

U.S. Vision moved for judgment on the pleadings. It sought judgment in its favor on the basis that the applicable statute of limitations, 42 Pa.C.S. § 5525, had run prior to commencement of the suit. It argued that since the default was alleged to have occurred at the latest on April 14, 1987 suit should have been commenced within the four-year period

specified in § 5525(7) and (8). The lower court, the Honorable Samuel W. Salus, agreed with U.S. Vision and granted the order in its favor for judgment on the pleadings.

■ On appeal, Unisys makes a multi-tiered argument that Pennsylvania law should not have been applied in determination of the statute of limitations questions. The first portion of its argument is that there was a false conflict between the four-year Pennsylvania statute of limitations and the six-year Michigan statute of limitations. It contends that Pennsylvania was a mere disinterested forum and that, under its choice of law rule, it should have applied the law of the state whose interests would be harmed if its law was not applied. Unisys maintains that Michigan had a strong interest in having its laws applied because Unisys is incorporated there, it has its principal place of business there, the lease was entered into there, and the lease provides that its laws would apply.

This argument is without merit because it is based upon the factually unsubstantiated premise that Pennsylvania's only interest in the litigation was as the forum state. This is not so because one of the parties is a Pennsylvania corporation. Unisys alleged in its complaint and U.S. Vision admitted in its answer that U.S. Vision is a corporation incorporated in Pennsylvania. Therefore, the role of Pennsylvania in the instant litigation goes beyond that of the forum state to a state which has an interest in the protection of one of the parties, i.e., a corporate entity organized and existing pursuant to its laws. For this reason no false conflict exists in this case. The lower court did not err in not addressing this contention since it is without factual support in the record.

■ Unisys next argues that because the lease contained a choice of law provision for Michigan law that its six-year statute should have been applied.

Pennsylvania statutory law provides that for claims accruing outside of Pennsylvania, the period of limitations shall be prescribed by the limitations period of the place where the claim accrued or by the law of Pennsylvania, whichever is shorter. 42 P.C.S. § 5521(b); *Gwaltney v. Stone,* 387 Pa.Su-

per. 492, 501, 564 A.2d 498, 503 (1989). Under the terms of the "borrowing statute", since the Pennsylvania Statute provides for the shorter period of time to bring a claim after accrual, the court was correct in holding that the Pennsylvania statute of limitations applied.[1]

Regarding the choice of law provision in the lease, such clauses do not apply to questions of applicability of the chosen state's statute of limitations unless they expressly so provide. *Gluck v. Unisys Corporation*, 960 F.2d 1168 (3d. Cir.1992). As is apparent from a reading of the above-quoted lease clause, it does not expressly provide that the law of Michigan *as to statute of limitations* shall be applied.

The long-standing rule of Pennsylvania is that the law of the forum determines the time within which a cause of action shall be commenced. *Freeman v. Lawton*, 353 Pa. 613, 46 A.2d 205 (1946); *AAMCO Transmissions, Inc.*, 759 F.Supp. 1141 (E.D.Pa.1991). This rule has not been changed despite the adoption of the significant contacts/interest analysis on substantive choice of law matters by the supreme court in *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964). *Cistone v. Ford Motor Company*, 504 F.Supp. 328 (E.D.Pa.1980). Rather, the proper source of analysis is the terms of the borrowing statute at 42 Pa.C.S. § 5521. Therefore, the lower court did not err in concluding that the appropriate statute of limitations was that of Pennsylvania.

Appellant's next argument is that, if Pennsylvania law controls the statute of limitations question, then it is the six-year statute, rather than the four-year statute which should have applied. The statutory provisions at issue read as follows:

§ 5525. **Four year limitation**

The following actions and proceedings must be commenced within four years:

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such

---

1. There is no question that the claim did not accrue in Pennsylvania.

an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal of otherwise, except an action subject to another limitation specified in this subchapter.

### § 5527. Six year limitation

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

We have no difficulty in concluding that the equipment lease agreement executed by the parties on September 2, 1986 which forms the basis of Unisys' claim against U.S. Vision is a "contract, obligation or liability founded upon a writing." As such, the terms of § 5525(8) are applicable. The only other section of the subchapter that Unisys claims is applicable is § 5527. Since the action is based upon a contract, obligation or liability founded upon a writing, the condition stated in § 5527 does not apply, and § 5525(8) is the controlling statute of limitations.

Unisys cites *Cucchi v. Rollins Protective Service Co.*, 524 Pa. 514, 574 A.2d 565 (1990) and urges us to limit its holding, that a lease of burglary equipment is covered by the Uniform Commercial Code–Sales, 13 Pa.C.S.A. §§ 2102–2725, to conventional equipment leases and to leases which are purely finance devices securing certain goods. There is no need to address this issue since the limitations period involved in *Cucchi* was that provided for in 13 Pa.C.S.A. § 2725. This statute is not involved in the instant case, and the issue presented by Unisys is whether § 5525 or § 5527 should cover this action.

The final argument is that, even if the four-year statute applies, since the lease provided for installment payments

each missed payment would constitute a separate breach and distinct cause of action. As correctly determined by Judge Salus, this argument is without merit because Unisys terminated the lease on April 14, 1987 and the cause of action accrued on that date. Upon termination of the lease, U.S. Vision's obligation to make installment payments was accelerated and the time for bringing the action for monies due commenced on that date.

We conclude that the lower court properly ordered entry of judgment on the pleadings in favor of U.S. Vision.

U.S. Vision has filed a motion to quash or dismiss the appeal for appellant's failure to conform with appellate rules. The deficiencies relied upon in support of the motion are not of such a nature that they deny the court the ability to conduct effective appellate review. For this reason, we deny the motion to quash or dismiss.

Order affirmed.

Motion to quash or dismiss denied.