651 A.2d 1111

## NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PENNSYLVANIA

v.

### Ralph A. NICHOLAS, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 7, 1994.

Filed Dec. 15, 1994.

Michael D. Gallagher, Butler, for appellant.

John R. Fielding, Pittsburgh, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

McEWEN, Judge:

This appeal presents an issue of first impression in Pennsylvania: Whether a foreign judgment, registered in Pennsylvania pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S. § 4306, (hereinafter "UEFJA"), more than four years after the judgment was entered in the foreign state, is barred by the four-year statute of limitations set forth at 42 Pa.C.S. § 5525(5). The trial court, following review of decisions from other jurisdictions, found that 42 Pa.C.S. § 5525(5) was applicable only to *actions* on foreign judgments and not to proceedings to register a foreign judgment pursuant to the UEFJA, an undertaking which, the court concluded, would be subject to the 6–year statute of limitations set forth at 42 Pa.C.S. § 5527. We, however, find that the four-year statute of limitations set forth at Section 5525(5) of the Judicial Code is applicable to proceedings under the UEFJA and that the limitations period commences to run on the date that the judgment is entered in the foreign state. We, therefore, reverse.

Appellee, National Union Fire Insurance of Pittsburgh, Pennsylvania, caused a default judgment to be entered against appellant, Ralph A. Nicholas, Jr., on November 25, 1987, in a civil action filed in the New York County Supreme Court. More than five years later, on March 9, 1993, appellee caused the foreign default judgment to be registered in Butler County, Pennsylvania, pursuant to the UEFJA, 42 Pa.C.S. § 4306. Appellant filed a motion to strike off the judgment based on the expiration of the four-year statute of limitations provided by Section 5525(5) of the Judicial Code, 42 Pa.C.S. § 5525(5).

The distinguished Judge John H. Brydon, acknowledging that the issue was one of first impression in Pennsylvania, carefully analyzed the issue and concluded that the four-year statute set forth at Section 5525(5) is applicable only to civil actions on foreign judgments and not to proceedings to register foreign judgments pursuant to the UEFJA. We have reviewed the applicable statutes and case law from this as well as other jurisdictions and are unable to agree that the legislature intended to create two separate statutes of limitations applicable to proceedings to enforce foreign judgments in Pennsylvania.

█ Our review of a trial court decision on a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Tandy Computer Leasing v. DeMarco*, 388 Pa.Super. 128, 131, 564 A.2d 1299, 1301 (1989); *Bittenbender v. SEPTA*, 362 Pa.Super. 243, 248, 523 A.2d 1173, 1176 (1987), *allo. denied*, 517 Pa. 602, 536 A.2d 1327 (1987). In the absence of such a finding, the decision of the trial court must be affirmed.

The UEFJA, which was adopted in Pennsylvania by the Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, provides:

§ 4306. Enforcement of foreign judgments

(a) Short title of section.—This section shall be known and may be cited as the "Uniform Enforcement of Foreign Judgments Act."

(b) Filing and status of foreign judgments.—A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with an act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing **and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of**

**common pleas of this Commonwealth and may be enforced or satisfied in like manner.** (emphasis supplied)

**(c) Notice of filing.—**

(1) At the time of the filing of the foreign judgment, the judgment creditor or his attorney shall make and file with the office of the clerk of the court of common pleas an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor. In addition, such affidavit shall include a statement that the foreign judgment is valid, enforceable and unsatisfied.

(2) Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the attorney for the judgment creditor, if any, in this Commonwealth. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

**(d) Stay.—**

(1) If the judgment debtor shows the court of common pleas that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the State in which it was rendered.

(2) If the judgment debtor shows the court of common pleas any ground upon which enforcement of a judgment of any court of common pleas of this Commonwealth would be stayed, the court shall stay enforcement of the

foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this Commonwealth.

**(e) Optional procedure.**—The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this section remains unimpaired.

**(f) Definition.**—As used in this section "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth.

42 Pa.C.S. § 4306 (emphasis supplied).

The UEFJA afforded judgment creditors an alternative method of enforcing foreign judgments in Pennsylvania. Heretofore, the sole method of doing so was to commence a civil action by filing a complaint and proceeding through to the entry of the judgment in that action. Prior to 1982, the Judicial Code imposed a six-year statute of limitations on all actions "upon a judgment or decree of any court of the United States or of any state", 42 Pa.C.S. § 5527(1), as well as a six-year limitation period for "any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531". 42 Pa.C.S. § 5527(6). This Court, in *Cohen v. Cohen*, 352 Pa.Super. 453, 508 A.2d 561 (1986), held that the six-year statute of limitations provided by Section 5527 applied, as a result of the provisions of the Uniform Statute of Limitations on Foreign Claims Act, 42 Pa.C.S. § 5521, to proceedings to register foreign judgments under the UEFJA. The Court did not specifically decide, however, whether subsection 1 or subsection 6 of Section 5527 applied since both subsections provided for a six-year limitations period. Subsequently, the Pennsylvania legislature, by enactment of Section 5525(5) of the Judicial Code, Act of December 20, 1982,[1] P.L. 1409, No. 326, § 201, reduced the statute of

---

1. The litigation which was the subject of review by the *Cohen* Court was subject to the former statute and thus the *Cohen* Court did not comment

limitations applicable to actions upon a "judgment . . . of any state" from six years to four years. *See:* Vol. II Standard Pa.Pract. § 69:13.

Section 5525 of the Judicial Code, upon which appellant relies in support of his argument that the instant proceeding is time barred, provides, in relevant part:

### § 5525. Four year limitation

The following *actions and proceedings* must be commenced within four years:

(1) *An action* upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) *Any action* subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) *An action* upon an express contract not founded upon an instrument in writing.

(4) *An action* upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) *An action* upon a judgment or decree of any court of the United States or of any state.

(6) *An action* upon any official bond of a public official, officer or employee.

(7) *An action* upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) *An action* upon a contract, obligation or liability founded upon a writing not specified in paragraph (7),

on the effect of the new limitations period provided by 42 Pa.C.S. § 5525(5).

under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525 (emphasis supplied throughout).

The trial court, focusing solely upon the absence of the word "proceeding" in subsection 5, concluded that Section 5525(5) is applicable to *actions* on foreign judgments but not to "proceedings" to register foreign judgments pursuant to the UEFJA. This conclusion, however, results in an anomalous situation: Where the judgment creditor proceeds with an *action* on the foreign judgment, the judgment creditor is afforded a four-year statute of limitations whereas when the judgment creditor proceeds under the "simplistic and systematic" [2] procedure provided by the UEFJA, the judgment creditor enjoys a *six-year* statute of limitations.

The trial court reasoned [3] that a proceeding to register a foreign judgment under the UEFJA was a "proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by Section 5531 . . .", 42 Pa.C.S. § 5527, and thus was subject to the catch-all provisions of the six-year statute of limitations.

■ Pursuant to Section 5521(b) of the Judicial Code, Pennsylvania law, rather than New York law, controls the resolution of the issue of the applicable statute of limitations:

**2.** *Commonwealth Capital v. Franklin Square,* 423 Pa.Super. 149, 152, 620 A.2d 1154, 1156 (1993).

**3.** The trial court noted that an action on the judgment "entails a variety of detailed steps, subject to the Pennsylvania Rules of Civil Procedure, which develop and refine issues of law and of fact which are ultimately resolved by the court. Only after a resolution, that is an award of a judgment, may a party request that the judgment become a lien. Particularly, the provisions of Section 4306(b) differ from an action in that: the applicable notice requirements are considerably less stringent than those for an action; there are no pleadings or preliminary objections as in an action; there is no hearing at which issues of fact and law are resolved; and there are no post-trial motions available when a judgment creditor proceeds pursuant to the UEFJA". Despite recognizing that there are less safeguards provided to the debtor under the UEFJA than when proceeding with a civil action on a foreign judgment, the court determined that the legislature *intended* to provide a *longer* statute of limitations for proceedings under the UEFJA.

Pennsylvania statutory law provides that for claims accruing outside of Pennsylvania, the period of limitations shall be prescribed by the limitations period of the place where the claim accrued or by the law of Pennsylvania, *whichever is shorter.* 42 Pa.C.S. § 5521(b);[4] *Gwaltney v. Stone,* 387 Pa.Super. 492, 501, 564 A.2d 498, 503 (1989). Under the terms of the "borrowing statute", since the Pennsylvania Statute provides for the shorter period of time to bring a claim after accrual, the court was correct in holding that the Pennsylvania statute of limitations applied.

\* \* \* \* \* \*

The long-standing rule of Pennsylvania is that the law of the forum determines the time within which a cause of action shall be commenced. *Freeman v. Lawton,* 353 Pa. 613, 46 A.2d 205 (1946); *AAMCO Transmissions, Inc.,* 759 F.Supp. 1141 (E.D.Pa.1991). This rule has not been changed despite the adoption of the significant contacts/interest analysis on substantive choice of law matters by the supreme court in *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964). *Cistone v. Ford Motor Company,* 504 F.Supp. 328 (E.D.Pa.1980). Rather, the proper source of analysis is the terms of the borrowing statute at 42 Pa.C.S. § 5521.

*Unisys Finance Corporation v. U.S. Vision, Inc.,* 428 Pa.Super. 107, 110–12, 630 A.2d 55, 57–58 (1993) (footnote omitted) (emphasis supplied). *Accord: Sun Oil Co. v. Wortman,* 486 U.S. 717, 722, 108 S.Ct. 2117, 2121, 100 L.Ed.2d 743 (1988); *Hamilton v. Seattle Marine and Fishing Supply,* 562 P.2d 333, 337 (Alaska, 1977); *Johnson Brothers Wholesale Liquor*

4. Section 5521 of the Judicial Code provides:
   § 5521. **Limitations on foreign claims**
   (a) **Short title of section.**—This section shall be known and be cited as the "Uniform Statute of Limitations on Foreign Claims Act."
   (b) **General rule.**—The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, *whichever first bars the claim.*
   (c) **Definition.**—As used in this section "claim" means any right of action which may be asserted *in a civil action* or *proceeding* and includes, but is not limited to, a right of action created by statute.
   42 Pa.C.S. § 5521 (emphasis supplied).

*v. Clemmons,* 233 Kan. 405, 661 P.2d 1242, 1245 (1983). While appellee concedes that Pennsylvania law controls the resolution of the limitations issue, appellee argues that the 4–year statute expressly applicable to actions on foreign judgments is *not* applicable to UEFJA proceedings. We, however, are unable to discern *any* basis upon which to hold that there should be two different statute of limitation periods applicable to creditors' attempts to enforce judgments rendered in foreign states.

The requirement of Article IV, Section 1 of the United States Constitution, that full faith and credit be given in each state to judicial proceedings in other states and the federal courts, precludes retrial in the Pennsylvania courts of the *validity* of a foreign judgment "except for the limited purpose of determining whether the transferor court had jurisdiction to enter the judgment and whether the judgment was obtained without derogating the judgment debtor's due process rights". *Tronagun Corporation v. Mizerock,* 820 F.Supp. 225, 227 (W.D.Pa.1993). *Accord: Commonwealth Capital v. Franklin Square,* 423 Pa.Super. 149, 152, 620 A.2d 1154, 1156 (1993); *Tandy Computer Leasing v. DeMarco, supra* at 131, 564 A.2d at 1301.

> A foreign judgement cannot be stricken or opened simply because the party seeking to open or strike can demonstrate that he/she would have a valid defense to the action if brought in Pennsylvania. Only those defenses, like a lack of personal jurisdiction by the rendering court, which destroy the full faith and credit obligation may form the ground for refusing that judgment full faith and credit. *Morris Lapidus [v. Airportels, Inc.],* 240 Pa.Super. [80] at 85–87, 361 A.2d [660] at 664.

*Tandy Computer Leasing v. DeMarco, supra* at 133, 564 A.2d at 1302.

Thus, regardless of whether the judgment creditor utilizes the streamlined procedure of the UEFJA or proceeds with a civil action on the foreign judgment, there may be no inquiry into the merits of the original cause of action, since the only issues under either procedure are the validity and the amount

of the judgment. The major difference between the two proceedings is that the judgment becomes a lien as of the date of filing under the UEFJA, 42 Pa.C.S. § 4306(b), while in the civil action on the foreign judgment, the judgment does not become a lien until the conclusion of the action. However essentially dissimilar the two procedures for domesticating the foreign judgment, the effect of the judgments obtained is identical. Thus, there would appear to be no logical basis upon which to impose two different periods of limitations.

The Kansas Court of Appeals, applying remarkably similar statutes in *Alexander Construction Co. v. Weaver*, 3 Kan. App.2d 298, 594 P.2d 248 (1979), ordered stricken a 1968 Colorado money judgment which had been filed in Kansas in 1977 pursuant to the Kansas Uniform Enforcement of Foreign Judgments Act. The Kansas court held that the Colorado judgment had to be filed and "acted upon by enforcement proceedings within the period of limitations as provided by [the Kansas 5–year statute applicable to all judgments]":

> The Uniform Enforcement of Foreign Judgments Act was instituted to provide a more effective and efficient time-saving procedure for the enforcement of judgments obtained in foreign jurisdictions. Our adoption of this Act does not extinguish the judgment creditor's right to bring or file an action to enforce his foreign judgment in this state. K.S.A. 60–3006. It is merely another method available to the judgment creditor. The statute of limitations applicable to enforcement of a foreign judgment in Kansas *should be the same regardless of which of these methods of enforcement is chosen by the judgment creditor.*
>
> *     *     *     *     *     *

The Kansas cases prior to the enactment of the Uniform Enforcement of Foreign Judgments Act adhere to the principle that the law of the forum shall apply to determine the statute of limitations for enforcement of foreign judgments. *Green v. Kensinger*, 199 Kan. 220, 223, 429 P.2d 95 (1967); *Leonard v. Kleitz*, 155 Kan. 626, Syl. ¶ 2, 127 P.2d 421 (1942). K.S.A. 60–511(5), like its predecessor G.S.1949, 60–306 *Sixth*, provides a five-year limitations period for actions

to enforce foreign judgments in Kansas today. K.S.A. 60–516 provides a potentially shorter time period for suits on a foreign cause of action. Foreign judgments, although valid in the state of rendition, are nevertheless subject to the limitations prescribed by K.S.A. 60–511(5) and 60–516.

Once the foreign judgment has been filed in accord with the Uniform Enforcement of Foreign Judgments Act now applicable in Kansas, that foreign judgment shall have the same force and effect for enforcement as a domestic judgment under K.S.A. 60–2403 and 60–2404. The same result would also be mandated where a suit was filed on a foreign judgment rather than merely registered under the Uniform Act.

*Alexander Construction Co. v. Weaver,* 3 Kan.App.2d 298, 300–01, 594 P.2d 248, 250–251 (1979) (emphasis supplied).

Since we find no basis upon which to exclude proceedings under the UEFJA from the express provisions of Section 5525(5), we are constrained to reverse and remand for the entry of an order striking the foreign judgment.

Order reversed. Case remanded. Jurisdiction relinquished.