**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2521
_____

MICHAEL HARRISON,
Appellant

v.

THEODORE HARRISON; *RONALD ALAN UNGER;
*MICHAEL KRASSENSTEIN; *KRASSENSTEIN & UNGER, LLC

*Dismissed pursuant to Court's 3/2/22 Order
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-19-cv-02944)
District Judge: Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 12, 2022
_____

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: August 30, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*:

This appeal involves a family dispute over the reporting and administration of a trust. Specifically, Michael Harrison alleges that his father, Dr. Theodore Harrison, breached his fiduciary duties as the trustee of a trust that Michael's grandparents created for Michael's benefit.[1] On appeal, Michael challenges the District Court's grant of his father's motion for summary judgment and denial of his own motion for partial summary judgment. The District Court concluded that Michael's breach of fiduciary duty claim was time-barred, and that determination is the primary focus of this appeal. For the following reason, we will affirm.[2]

I.

A. **Applicable Statute of Limitations and Date of Accrual**

The parties do not dispute that we must apply Pennsylvania's two-year limitations period. Michael, however, argues that Florida law must be applied to determine *when* the limitations period began.

---

[1] Though Appellant raised several other claims before the District Court, he limits his appeal to the District Court's dismissal of his breach of fiduciary duty claim.

[2] The District Court exercised jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. Additionally, "[w]e review the grant or denial of summary judgment de novo." *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

It is well settled that a "federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations."[3] Although Pennsylvania courts typically apply the statute of limitations of the forum,[4] one exception is Pennsylvania's "borrowing statute."[5] Under this statute, "[t]he period of limitations applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the laws of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."[6]

Michael appears to partly rely on the borrowing statute to assert that the District Court should have applied Florida law in examining when the statute of limitations began to run. But this reliance is misplaced. A plain reading of the statute indicates that two conditions must be met for it to apply: (1) the cause of action must accrue outside of Pennsylvania; and (2) the foreign jurisdiction's statute of limitations must first bar the claim.[7] At minimum, Michael fails to satisfy the first condition. None of the events that would have allowed Michael to maintain an action occurred in Florida, and he admitted as much in his complaint.[8] In fact, the record indicates the only relevance that Florida has

---

[3] *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)).

[4] *Mack Trucks, Inc. v. Bendix–Westinghouse Auto. Air Brake Co.*, 372 F.2d 18, 20 (3d Cir. 1966) (citations omitted); *see also Ross*, 766 F.2d at 826 ("Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations.").

[5] 42 Pa. Con. Stat. Ann. § 5521(b).

[6] *Id.*

[7] *See also McKenna v. Ortho. Pharm. Co.*, 622 F.2d 657, 660 (3rd Cir. 1980).

[8] *See* JA 00014 (stating that "the acts, practices, and events giving rise to Plaintiff's claims occurred in [the Eastern District of Pennsylvania]").

to this litigation is that (1) Michael's grandparents (the settlors of the trust) resided there and (2) the trust contains a governing law provision stating that "[a]ll questions pertaining to the validity, construction, and administration of this trust shall be governed by the laws of Florida."[9] Because the breach of fiduciary duty claim did not accrue outside of Pennsylvania, the borrowing statute is irrelevant.[10] Accordingly, we decline to apply Florida law and will look to Pennsylvania's statute of limitations principles to determine when the limitations period in this case accrued.

Under Pennsylvania law, the statute of limitations for breach of fiduciary duty claims is two years.[11] "The statute of limitations begins to run against the trust

---

[9] JA 01566. On first impression, the trust's governing law clause may appear to be dispositive, but it is not. In Pennsylvania, choice of law provisions "do not apply to questions of applicability of the chosen state's statute of limitations unless they expressly so provide." *Unisys Fin. Corp. v. U.S. Vision*, Inc., 428 Pa. Super. 107, 112, 630 A.2d 55, 58 (1993) (citing *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179–80 (3d Cir. 1992)). The governing law clause here contains no express reference to a state's statute of limitations. Moreover, Pennsylvania courts have adopted Restatement (Second) of Conflict of Laws § 187, which provides in pertinent part that the forum generally honors the "state chosen by the parties to govern their contractual rights," *unless* "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." *See also Churchill Corp. v. Third Century, Inc.*, 396 Pa. Super. 314, 324, 578 A.2d 532, 537 (1990) ("Pennsylvania courts will uphold choice-of-law provisions in contracts to the extent that the transaction bears a reasonable relation to the chosen forum."). As discussed above, Florida has no substantial or reasonable relationship to the parties or the trust's reporting and administration—nothing relevant to this dispute has occurred in Florida except for the creation of the trust.

[10] To be sure, we rely on the borrowing statute's text in our choice of law discussion, as opposed to the significant contacts/interest analysis set forth in *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), as the latter approach is used to resolve substantive choice of law conflicts. *See Nat'l Union Fire Ins. of Pittsburgh, PA v. Nicholas*, 438 Pa. Super. 98, 106, 651 A.2d 1111, 1115 (1994); *Ario v. Underwriting Members of Lloyd's of London Syndicates* 33, 205 & 506, 996 A.2d 588, 593 (Pa. Commw. Ct. 2010).

[11] 42 Pa. Con. Stat. Ann. § 5524(7).

4

beneficiary with respect to a suit against the express trustee, if at all, when he knows the trust has been repudiated or reasonably should have known it."[12] Here, the record indicates that, at the latest, Michael was aware that there was a potential issue regarding his father's reporting and accounting of the trust (or lack thereof) by June 11, 2017, when he explicitly accused his father, in an email, of breaching his fiduciary duties. Therefore, the limitations period expired at the latest on June 11, 2019—Michael filed this action on July 8, 2019.[13]

## B. Tolling of the Statute of Limitations

Michael asserts that the discovery rule should have been applied to toll the limitations period, but this claim also fails. The discovery rule tolls the accrual of claims until a "plaintiff knew or, exercising reasonable diligence, should have known (1) he or she was injured and (2) that the injury was caused by another."[14] But again, Michael's June 11, 2017 email demonstrates that he was clearly aware that Dr. Harrison's failure to produce an accounting of the trust may have had legal consequences. That Michael may not have understood the full scope of the trust's value at the time does not defeat this

---

[12] *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005) (quoting *United States v. Rose*, 346 F.2d 985, 989–990 (3d Cir. 1965)).

[13] Furthermore, we recognize that on June 19, 2017, Dr. Harrison sent Michael an email indicating that the two had engaged in settlement discussions, and requesting that they pause these discussions while he and his wife went away for vacation. However, in Pennsylvania, "mere negotiations toward an amicable settlement afford no basis for an estoppel." *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 93, 204 A.2d 473, 475 (1964).

[14] *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 163 (3d Cir. 2019) (citing *Coleman v. Wyeth Pharms.*, 2010 PA Super 158, 6 A.3d 502, 510–11).

point. Indeed, a lack of knowledge of "the full extent of the injury . . . or [the] precise cause" does not toll the statute of limitations.[15]

Finally, Michael contends that the statute of limitations should also be tolled because his father "continues to breach his fiduciary duties to Appellant to this day, as he continues to allow the Trust to report income under [Michael's] social security number, and continues to refuse to make distributions of the Trust's funds."[16] In Pennsylvania, the statute of limitations "is only tolled by active and continuing fraud concealed by the perpetrator thereof *until the victim knows or has reason to know or investigate the circumstances*."[17] As established above, Michael accused his father of breaching his fiduciary duties in the June 11, 2017 email. Because Michael was aware of a potential injury by this date, we may not rely on Dr. Harrison's alleged continuous breaches to toll the statute of limitations. Accordingly, this claim also fails.[18]

---

[15] *Gleason v. Borough of Moosic*, 609 Pa. 353, 362, 15 A.3d 479, 484 (2011) (citation omitted).

[16] Appellant Br. at 43.

[17] *Iacaponi v. New Amsterdam Cas. Co.*, 258 F. Supp. 880, 883 (W.D. Pa. 1966) (citing *Rush v. Butler Fair & Agric. Ass'n*, 391 Pa. 181, 137 A.2d 245 (1957)) (emphasis added); *see also Barr v. Luckenbill*, 351 Pa. 508, 513, 41 A.2d 627, 629 (Pa. 1945) ("If, in addition to the commission of an initial wrong, the wrongdoer is guilty of some act of concealment or deception, the running of the statute does not begin until discovery, or when there might have been discovery had reasonable diligence been exercised.") (internal quotation marks omitted).

[18] Given that the breach of fiduciary duty claim is time-barred, we decline to address it on the merits.

## II.

For the foregoing reasons, we will affirm the District Court's grant of Dr. Theodore Harrison's motion for summary judgment and denial of Michael Harrison's motion for partial summary judgment.